**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6039

JOHN MARVIN OVERMAN, JR.,

                                        Plaintiff - Appellant,

        versus

THEODIS BECK, Secretary of North Carolina
Prisons; JUANITA H. BAKER, North Carolina
Parole Chairman,

                                        Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (CA-05-687-5-BO)

Submitted:  May 31, 2006              Decided:  June 21, 2006

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

John Marvin Overman, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John Marvin Overman, Jr., a North Carolina inmate, appeals the district court's order summarily dismissing his 42 U.S.C. § 1983 (2000) complaint against Theodis Beck, the Secretary of North Carolina Prisons, and Juanita H. Baker, Chairman of the North Carolina Parole Board. Overman asserted that he should be subject to the parole procedures that were in effect at the time of his 1964 conviction, and that imposition of subsequently enacted policies and procedures violates the Ex Post Facto Clause of the Constitution and denies him due process. Citing Wilkinson v. Dotson, 544 U.S. 74 (2005), Overman sought declaratory and injunctive relief, stating that he was not seeking release on parole, merely reconsideration under the procedures in effect at the time of his conviction. The district court dismissed Overman's case as frivolous, holding that Overman must make such a claim through federal or state habeas corpus procedures.

We conclude that the Supreme Court's decision in Wilkinson requires us to vacate the district court's decision and remand for further proceedings. Like Overman, the plaintiffs in Wilkinson sought only to challenge the policies and procedures applicable to their parole reviews, not the denial of parole itself. The Court held that, because neither inmate's claims "would necessarily spell speedier release, neither lies at the core of habeas corpus." Id. at 82 (internal quotation omitted).

- 2 -

Therefore, the Court held that the § 1983 actions could proceed. Here, as well, Overman's claims do not "spell speedier release," and therefore, he may proceed under § 1983 without first successfully challenging the more recent procedures under habeas corpus.

Accordingly, we vacate the decision of the district court and remand for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*]We express no opinion on the merits of Overman's claim, or the availability of other grounds for summary disposition.